## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**RICHARD BLOCK**                                                      **PLAINTIFF**

**V.**                          **NO. 4:22-cv-00041-LPR-ERE**

**SUSAN POTTS,** *et al.*                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.    Background

Plaintiff Richard Block, a pretrial detainee at the Drew County Detention Facility ("Detention Facility"), filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. In his initial complaint, Mr. Block sued Jail Administrator Susan Potts, Drew County Sheriff Mark Gober, and Maintenance Supervisor Barbara Parnell in both

their personal and official capacities. *Doc. 2*. Mr. Block asserted a variety of legally and factually *unrelated* claims in his initial complaint, including claims for: (1) exposure to COVID-19; (2) denial of visitation; (3) exposure to black mold; and (4) cell conditions including a lack of heat and cleaning supplies and a "sewage back-up." *Doc. 2 at 5*.

In a January 21, 2022 Order, the Court advised Mr. Block that: (1) he cannot pursue multiple factually and legally unrelated claims in one lawsuit; and (2) some of his proposed claims failed to include sufficient facts to state a plausible claim for relief. *Doc. 4 at 2*. The Court allowed Mr. Block to file an amended complaint and directed him to: (1) include only factually and legally related claim(s); (2) name only Defendants involved in the claim being pursued; (3) describe each named Defendant's personal involvement in violating his constitutional rights; and (4) explain the injury he suffered as a result. *Id. at 4*. The Court advised Mr. Block that an amended complaint, if filed, would replace the original complaint. *Id*.

On January 31, 2022, Mr. Block filed an amended complaint. *Doc. 5*.

## III.   <u>Discussion</u>

Because Mr. Block is a prisoner seeking relief from a governmental entity or employee, the Court must screen his complaint before the case can proceed. See 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints,

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

For the reasons explained below, each claim presented in the amended complaint should be dismissed, without prejudice, because Mr. Block has either abandoned the claim or has failed to state a claim upon which relief can be granted.

## A.    Abandoned Claims

Mr. Block does not identify Defendant Parnell as a party Defendant (*Doc. 5 at 1-2*), and he presents no facts demonstrating that Defendant Parnell was personally involved in alleged constitutional violations. See *Ashcroft v. Iqbal*, 556

---

and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

U.S. 662, 676 (2009) (A prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Court therefore construes his amended complaint as abandoning any claims against Defendant Parnell.

In addition, Mr. Block fails to mention his claims related to: (1) COVID-19 exposure; or (2) cell conditions, such as backed up sewage, lack of heat, and lack of cleaning supplies. *Doc. 5*. As previously explained to Mr. Block, in order to proceed with these claims, more information is necessary. *See Doc. 4 at 3*. Accordingly, the Court also construes his amended complaint as abandoning those claims.

### B.    Claims in Amended Complaint

Mr. Block's amended complaint identifies Mark Gober and Susan Potts as Defendants and indicates that he now sues them in their official capacities only. *Doc. 5 at 2*. By way of relief, he seeks punitive damages and requests that Defendants Gober and Potts be reprimanded, suspended, or terminated. *Doc. 5 at 1-2, 6*. Mr. Block alleges that Defendant Potts has: (1) "failed to allow visitation;" (2) "failed to have access to law library;" and (3) "allowed exposure to black mold." *Doc. 5 at 4*.

These allegations fail to state a plausible claim for relief. First, claims against Defendants in their official capacities are, in effect, claims against Drew County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v.*

4

*New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978). A county is liable for the acts of an employee only when the employee is carrying out a county policy or custom. *Id*.; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Here, Mr. Block alleges no facts suggesting that Drew County had an unconstitutional policy or custom that caused him harm. Accordingly, Mr. Block's claims against the Defendants in their official capacities fail and these claims should be dismissed, without prejudice.

Second, with regard to Defendant Gober, Mr. Block states, "Mark Gober being sheriff is directly responsible for Susan Potts's actions regarding confinement conditions." *Doc. 5 at 4*. However, supervisors cannot be held vicariously liable under § 1983 for the unconstitutional conduct of subordinates. *Iqbal*, 556 U.S. at 677; *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). In other words, Defendant Gober is liable only for his own actions; that is, for his personal involvement in allegedly violating Mr. Block's constitutional rights. *Iqbal*, 556 U.S. at 676.

A prison supervisor can be liable for failing to properly supervise subordinates and thereby, tacitly authorizing a constitutional violation. Likewise, supervisors may be liable if they become aware of a constitutional violation but fail to take corrective

action. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Thus, to establish a claim of failure to supervise, a prisoner must state facts that, if true, show that the supervisor: "(1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) failed to take sufficient remedial action; and (4) that such failure proximately caused the injury." *Parrish*, 594 F.3d at 1002; *Otey v. Marshall*, 121 F.3d 1150, 1156 (8th Cir. 1997). Notably, a "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007).

Mr. Block fails to allege facts to suggest that Defendant Gober was aware of a pattern of unconstitutional conduct by Defendant Potts or that he tacitly authorized such misconduct. Mr. Block's conclusory statements are insufficient to state a plausible constitutional claim for relief against Defendant Gober. Accordingly, claims against Defendant Gober should be dismissed, without prejudice.

Third, even if Mr. Block intended to proceed with his claims against Defendants in their personal capacity, he has failed to allege facts sufficient to state a plausible claim for relief with regard to each of those claims.[2]

---

[2] For example, Mr. Block alleges he was denied visitation but offers no supporting facts. "[P]retrial detainees have a right to be free from arbitrary or permanent limitations on visits with family members." *Manning v. Ryan*, No. 20-3490 (8th Cir. 2021). However, a single denial for a

## IV.    __Conclusion__

IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff Richard Block's official capacity claims against Defendants Susan Potts, Mark Gober, and Barbara Parnell be DISMISSED, without prejudice.

2.    Dismissal should be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

non-arbitrary reason would certainly not support a plausible claim. Without any additional factual detail, Mr. Block has failed to plead a plausible claim.

With regard to his claim that he was denied access to the law library, Mr. Block fails to allege that he was "actually injured" with regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). Denial of access to the law library alone is insufficient to state a plausible claim for relief.

Finally, as previously explained, to proceed with a claim related to black mold, Mr. Block needed to explain: (1) why he believes the mold was "black mold;" and (2) how he was injured as a result of his exposure. *Doc. 4 at 3*. However, he has failed to allege any additional facts in his amended complaint that could support a plausible claim.